## Minor v. Gordon.

## Same v. Minor.

## Same v. Reynolds.

(Decided June 6, 1916.)

### Appeals from Jefferson Circuit Court.

Corporations—Contract to Form—Promoters—Liability.—Instruction.—Plaintiffs and defendant subscribed certain amounts to a fund to be used in the erection and operation of a distillery. The amounts were to be paid to the defendant and defendant was to issue a certificate of stock to each of the subscribers for the amount paid by him. A site was purchased and a title thereto taken in the names of two of the subscribers. The money subscribed was used in the erection of a distillery thereon. The distillery burned and no corporation was ever formed: Held, that the obligation to organize the corporation and issue the stock to the subscribers was on the defendant, but that plaintiffs could not recover of the defendant if the failure to organize the corporation was due to their action, or they acquiesced in the act of the defendant in having the site conveyed to two of the subscribers and in expending the money of plaintiffs in the erection of the distillery thereon; and that, in view of the fact that there was sufficient evidence on the question of acquiescence to take the case to the jury, an instruction omitting this phase of the case was erroneous.

CLEM W. HUGGINS and J. P. HOBSON & SON for appellant.

JOSEPH S. LAWTON and W. S. SANFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

These three cases, which were brought as separate actions, were consolidated below and tried together.

Judgments were rendered against J. S. Minor in favor of J. B. Gordon, for $500.00, in favor of Mose Minor for $400.00, and in favor of Ottie Reynolds for

$200.00. In the case of J. S. Minor v. J. B. Gordon an appeal was granted. In each of the other cases a motion to grant an appeal has been made.

Briefly stated, the facts are as follows: J. S. Minor is an architect living in Louisville. He has had considerable experience in the erection of distilleries. Mose Minor and W. S. Minor are his nephews. Ottie Reynolds and J. B. Gordon are friends of Mose and W. S. Minor. Prior to May 4th, 1911, the parties had a few conversations in reference to the construction of a distillery in Louisiana. On that date they signed the following contract:

"We, the undersigned, do hereby agree to pay the amount subscribed below and opposite each of our names signed by us. The said amount to be used in the erection and operation of a distillery and rectifying house located in the State of Louisiana, parish of West Felciana and near the town of St. Francisville. The said amounts to be paid J. S. Minor & Son.

"The said J. S. Minor & Son is to issue a certificate of stock to each of us for the amount paid them, the said amount subscribed by each of us to be paid the said J. S. Minor & Son on or before June 1, 1911.

"J. S. Minor & Son (ten thousand)............$10,000.00
W. S. Minor (ten hundred)........................... 1,000.00
Ottie Reynolds (five hundred)..................... 500.00
M. Minor (five hundred)............................... 500.00
J. B. Gordon (five hundred)......................... 500.00"

The firm of J. S. Minor & Son was composed of J. S. Minor and his son, Ed. Minor, the latter then being in California for his health. He came back from California to Louisiana and after some negotiations a site for the proposed distillery was purchased in Louisiana. The land was conveyed to W. S. and Ed. Minor, two of the parties to the subscription contract. On August 18th, J. B. Gordon paid to J. S. Minor & Son the sum of $500.00 and was given the following receipt:

"Received of J. B. Gordon five hundred ($500.00) dollars for which we are to issue to him five hundred ($500.00) dollars in La. Distillery Co. stock.

(Signed) "J. S. MINOR & SON."

Mose Minor paid $400.00 on his subscription between June 1st and October 30th, 1911, in installments of $100.00 each and received similar receipts, but failed to

pay the balance of his subscription. Reynolds paid $200.00 on June 15th, 1911, and received a similar receipt. The balance of his subscription he failed to pay. J. S. Minor & Son claim to have paid the full amount of their subscription and to have advanced about $4,000.00 in addition thereto. The distillery, which was completed in 1912, was burned down in the month of October of that year. J. S. Minor claims that he had the articles of incorporation prepared but he never could get plaintiffs to sign them. After the destruction of the distillery no efforts were made to organize the proposed corporation and, of course, no certificates of stock were ever issued to plaintiffs.

These suits were brought by plaintiffs to recover the sums paid on their subscriptions. The actions are predicated on the failure of J. S. Minor to organize a corporation and issue to plaintiffs certificates of stock. The lower court told the jury in substance to find for plaintiffs, unless they believed from the evidence that the failure to organize the corporation was due to the action of the plaintiffs themselves, in which event they should find for defendant.

In support of the judgments below it is argued that J. S. Minor & Son were the real promoters, while plaintiffs were mere subscribers to stock in the proposed corporation, and that as plaintiffs paid their money to J. S. Minor & Son upon the condition that the latter were to form the corporation and issue to them certificates of stock, and the condition has never been complied with, they are entitled to a return of their money. On the other hand, it is contended for J. S. Minor & Son that all the parties to the contract were in effect promoters and jointly interested in the enterprise, and as the money was expended for the purpose contemplated by the contract they should all bear the loss resulting from the destruction of the property. It must be conceded, however, that while the parties to the contract were in a sense joint promoters, the obligation of J. S. Minor & Son to issue the stock carried with it the further obligation to form the necessary corporation. However, we conclude that their mere failure to form the corporation is not sufficient, under the circumstances of this case, to give to plaintiffs an absolute right of recovery, provided defendant's failure was not due to any fault on the part of plaintiffs. The contract in question pro-

vided that the money should be invested in the distillery property. As a matter of fact, it was so invested, though the title to the lot on which the distillery was erected was taken in the names of W. S. and Ed. Minor.

This is not a case, therefore, where the promoter charged with the organization of the corporation retained the money or applied it to a purpose not contemplated by the subscribers. It seems to us that the principle of law applicable to the particular facts of this case is laid down in 9 Cyc. 265, where it is said:

"A person who has paid money for shares in a company which never comes into existence, or who has paid money afterward to a scheme which is abandoned before it is carried into execution, has paid it on a consideration which has failed, and he may therefore recover it back in an action at law as so much money had and received to his use, unless it can be shown that he has consented to or has acquiesced in the application of the money which those into whose hands it has come have made of it; and he may maintain a bill in equity for the same purpose."

Another statement of the rule will be found on page 266 of the same volume in the following language:

"In such cases there are two grounds of recovery at law: (1) Failure of the project; and (2) the want of acquiescence in the expenditure of the money paid in its support, both of which are questions of fact, and in such an action they must both be determined in favor of plaintiff in order to enable him to recover."

We, therefore, conclude that although J. S. Minor & Son failed to form the corporation and issue the stock to plaintiffs, plaintiffs cannot recover if they, with knowledge of the circumstances, acquiesced in the expenditure of the money for the purpose for which it was applied. On this question, we think there is sufficient evidence to take the case to the jury. Since the instruction given authorized a recovery, notwithstanding the fact that plaintiffs may have acquiesced in the expenditure of money, it follows that the instruction is erroneous. On another trial the court will instruct the jury in substance to find for plaintiffs, unless they believe from the evidence that the failure to organize the corporation was due to the action of the plaintiffs themselves, or that plaintiffs acquiesced in the act of J. S. Minor & Son in having the land conveyed to W. S. and Ed. Minor, and

in expending the money of plaintiffs in the erection of the distillery.

Wherefore, the appeals in the cases of Mose Minor and Ottie Reynolds are granted, and the judgment in each case is reversed for a new trial consistent with this opinion.